# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 01-40159

————————

JERMARR CARLOS ARNOLD,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

————————

Appeal from the United States District Court
for the Southern District of Texas

————————

August 28, 2001

Before SMITH, BENAVIDES,
and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jermarr Arnold was convicted of capital murder and sentenced to death. He appeals the denial of his federal petition for writ of habeas corpus, arguing that he was deprived of effective assistance of counsel because the district court forced his attorneys to comply with his instructions. We affirm.

I.

Before trial, Arnold complained to the court that his appointed counsel did not allow him to participate in determining defense strategy. He also asserted his intent to play an active role in his trial, threatening to proceed

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pro se* if not allowed to participate in his defense. During trial and over the objections of his counsel, Arnold made several decisions affecting his defense, including refusing to challenge peremptorily multiple jurors with law enforcement backgrounds and refusing to allow counsel to call defense witnesses or either to present any mitigating evidence during the penalty phase or to argue against the death penalty. During the sentencing phase, Arnold told the jury that the death penalty was the proper punishment in his case.

Arnold now contends, however, that he was not competent to override counsel's advice and therefore that the court's decision to allow him to do so deprived him of effective assistance of counsel. We disagree.

## II.

There is no dispute that Arnold attempted to waive any ineffective assistance of counsel claim. Not only did he request the court's assistance in enforcing his instructions to counsel, he remarked after the trial that

> I wish to say that I'm quite satisfied with the decision made by the jury. I'm also satisfied with theSSthe conduct of the Court. I feel that all my rights have been fully protected and recognized. And I have been very adequately representedSSand vigorously soSSby mySSby my two court appointed attorneys.

Moreover, all alleged errors resulted from Arnold's express instructions to counsel. "The circumstances are extremely rare when counsel is not required to follow his client's instructions on a decision of this nature." *Lowenfield v. Phelps*, 817 F.2d 285, 292 (5th

Cir. 1987), *aff'd*, 484 U.S. 231 (1988).[1]

The only issue before us, therefore, is whether Arnold was competent so to instruct his counsel. Arnold admits that the "lower courts . . . determined whether or not Arnold was competent to stand trial or represent himself," and he does not dispute their findings that he was. Instead, citing *Westbrook v. Arizona*, 384 U.S. 150 (1966) (per curiam), he argues that "[a] defendant's competency to stand trial is gauged at a level different from that of competency to waive a trial right, or to commit a prescribed act."

Arnold misreads the import of *Westbrook*, however. In *Godinez v. Moran*, 509 U.S. 389, 398 (1993), the Court revisited *Westbrook* and expressly "reject[ed] the notion that competence to plead guilty or waive the right to counsel must be measured by a standard that is higher than (or even different from)" competence to stand trial.[2] *Accord Dunn v.*

---

[1] *Accord Autry v. McKaskle*, 727 F.2d 358, 561 (5th Cir. 1984) (concluding that, if defendant knowingly chose to seek the death penalty and not to present mitigating evidence, his counsel was "ethically bound" to obey that choice).

[2] To be competent to stand trial, a defendant must have "'sufficient present ability to consult with his lawyer with a reasonable degree of understanding' and [have] 'a rational as well as factual understanding of the proceedings against him.'" *Godinez*, 509 U.S. at 396 (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam)); *accord Mata v. Johnson*, 210 F.3d 324, 329 n.2 (5th Cir. 2000). Arnold's high degree of involvement indicates he was capable of understanding the proceedings and consulting with his attorneys and therefore was competent to make strategic decisions during voir dire and sentencing.
(continued...)

*Johnson*, 162 F.3d 302, 307-08 (5th Cir. 1998). Because Arnold was competent to stand trial and therefore to waive his right to counsel, he was, *a fortiori*, competent to override the advice of counsel. *See Coleman*, 244 F.3d at 545. Indeed, Arnold threatened to discharge counsel and proceed *pro se*SSa course of action he undisputedly was competent to take under *Godinez*SSif not allowed to be an active participant in the trial. Under those circumstances, we cannot say that the trial court deprived Arnold of effective assistance of counsel merely by allowing him to make strategic decisions.

The district court analyzed this issue in a comprehensive seventy-seven-page opinion. Essentially for the reasons given by the district court, the judgment is AFFIRMED.

---

[2](...continued)
*See Coleman v. Mitchell*, 244 F.3d 533, 545 (6th Cir. 2001) (relying on defendant's high degree of activity at trial in finding him competent under *Godinez* to instruct counsel not to present mitigating evidence during sentencing phase).

In *Godinez*, 509 U.S. at 400, the Court recognized that, in addition to determining competence, the trial court also must ensure that the waiver of the right to counsel is knowing and voluntary. Arnold does not argue that his decision to ignore the advice of counsel was not knowing or voluntary, and his statements before and during trial confirm that it was.